UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA GRIFFIN,

          Plaintiff,

v.                          Case No.  8:09-cv-960-T-33MAP

POLK COUNTY SHERIFF'S OFFICE,

          Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Counts VII and VIII of Plaintiff's Complaint. (Doc. # 3). Plaintiff opposes the motion in part.[1] (Doc. # 9).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant

---

[1] Plaintiff moves to voluntarily dismiss her breach of contract claim in Count VIII, and Defendant consents to the dismissal. (Doc. # 20). Therefore, that claim is dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41.

fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff alleges the following in her complaint (Doc. # 1): Plaintiff worked as a Deputy Sheriff for Defendant Polk County Sheriff's Office. In March of 2006, Plaintiff was hospitalized for a ten-day period and requested a leave of absence under the Family Medical Leave Act ("FMLA"). When she returned to work, she attempted to return to her former position, but Defendant refused. Instead, she was unexpectedly demoted.

Additionally, upon her return to work, she was ordered to report to the gun range for handgun training and had to undergo unwarranted drug testing. Thereafter, she filed a grievance review request, but Defendant failed to assemble a complaint review board to address her grievance. Instead, after she filed the grievance, Plaintiff began experiencing a backlash and harassment from her direct supervisor. Specifically, she "experienced physical intimidation and mentally abusive treatment by [her supervisor], including but not limited to profane language, stalking, inappropriate phone contact after working hours and verbal threats of termination for non-compliance with unreasonable requests." (Doc. # 1, ¶ 56).

In her response to the motion to dismiss, Plaintiff gives additional detail regarding the alleged harassment to which she was subjected (Doc. # 9, p. 4-5): When Plaintiff returned from FMLA leave, her doctor stated that she should not be exposed to any jobs that posed risk to her right eye. Plaintiff contends that the handgun training that she was ordered to attend violated her doctor's orders. Furthermore, she contends that due to her vision problem, she appeared clumsy during the handgun training, which her supervisor incorrectly and unreasonably interpreted as a drug problem.

Additionally, Plaintiff states that her supervisor made numerous off-duty phone calls to her home and asked her on a

daily basis to bring him lunch.  Her supervisor would also call the employee dining room during Plaintiff's lunch break and make her bring him lunch.  On one occasion, her supervisor stated that he watched her on surveillance cameras to monitor when she arrived in the dining room.  Plaintiff found her supervisor's actions to be harassing and personally degrading.  She also states that she felt that his actions rose to the level of being physically intimidating and mentally abusive when, shortly after she filed her grievance, her supervisor "threatened to 'write her ass up' and stated that he was going to 'start a paper trail' to 'get her ass out of here.'" (Doc. # 9, p. 5).

As a result, Plaintiff filed the instant lawsuit, which includes a claim for intentional infliction of emotional distress (Count VII).  Defendant now moves to dismiss Plaintiff's intentional infliction of emotional distress claim.

### III. Motion to Dismiss

Defendant argues that Plaintiff's intentional infliction of emotional distress ("IIED") claim must be dismissed, because the alleged conduct does not rise to the level of outrageousness required in order to succeed on such a claim.  At the outset, this Court notes that "whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of fact."  <u>Golden v. Complete</u>

Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993)(emphasis in original)(citation omitted).

In order to state an IIED claim, a plaintiff must allege "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." Id. at 1499 (citation omitted). While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard." Id. Furthermore, the Florida Supreme Court provides the following explanation of outrageous conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(quoting Restatement (Second) of Torts §46 (1965)). Additionally, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Scheller v. American Medical Int'l, Inc., 502 So. 2d 1268, 1271 (Fla. 4th DCA 1987)(quoting Restatement (Second) of Torts §46 (1965)).

Upon review, it is clear that the facts of this case do not rise to the level of outrageousness required to state a claim for IIED.  The cases cited by Plaintiff do not persuade this Court, as they are distinguishable, and some of the cases are not based on Florida law.  The relevant IIED case law reveals that courts "have been hesitant to find sufficiently outrageous conduct based solely on alleged acts of verbal abuse in the workplace." Johnson v. Thigpin, 788 So. 2d 410, 413 (Fla. 1st DCA 2001); see also Certainteed Corp. v. Davis, 2009 WL 2605258 (M.D. Fla. Aug. 21, 2009)(finding that the plaintiff's allegations of verbal abuse, which included the threat of termination without justification, was not sufficient to support an IIED claim). Instead, in the employment context, IIED claims that have been allowed to go forward often involve "repeated verbal abuse coupled with repeated offensive physical contact."  See Johnson, 788 So. 2d at 414 (citations omitted).

Thus, while the conduct alleged in the instant case may have been inappropriate, the Court does not find that it is sufficiently outrageous.  Therefore, the Court finds that Plaintiff's IIED allegations in Count VII fail to state a claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss Counts VII and VIII of Plaintiff's Complaint (Doc. # 3) is **GRANTED TO THE EXTENT THAT:**

(1) The Court **DISMISSES WITH PREJUDICE** Plaintiff's intentional infliction of emotional distress claim in Count VII of her complaint.

(2) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim in Count VIII of her complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of December, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record