```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

BARBARA GRIFFIN,

                Plaintiff,

v.

                                  Case No. 8:09-cv-960-T-33MAP

POLK COUNTY SHERIFF'S OFFICE,

                Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion for Summary Judgment (Doc. # 36). Plaintiff has failed to file a response thereto.

Defendant filed its Motion for Summary Judgment (Doc. # 36) on May 28, 2010. Plaintiff failed to file a response in opposition to Defendant's motion within the time parameters of Local Rule 3.01(b), which states, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." Local Rule 3.01(b), M.D. Fla.

Accordingly, this Court entered an Order (Doc. # 41) on June 28, 2010, directing Plaintiff to show cause why this motion should not be considered without her response. Plaintiff filed a motion for extension of time to file a response (Doc. # 42), which this Court granted up to and including August 4, 2010. The reason given

by Plaintiff for the extension was that the Court's Order had been delivered to the wrong address. No mention of Plaintiff's health was made. Plaintiff failed to file a response to Defendant's motion for summary judgment by August 4, 2010.

On August 6, 2010, Plaintiff filed a Motion for Extension of Time (Doc. # 44) seeking an extension of time "regarding filing motions and trial dates" and citing to a "debilitating illness." The Court entered an Order (Doc. # 46) construing the motion as a motion for extension of time to respond to Defendant's Motion for Summary Judgment. The Court noted that while the law of the Eleventh Circuit is to allow for the liberal construction of pleadings from pro se litigants, "liberal construction does not mean liberal deadline." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999)(overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)). Given the generous extensions of time already allowed to Plaintiff without her mention of health or illness and given Plaintiff's ability to bring and prosecute this case in spite of this illness in the past, the Court granted Plaintiff until September 13, 2010 to file a response to Defendant's Motion for Summary Judgment and warned that absolutely no further extensions would be granted. The Court advised that in the absence of a response by September 13, 2010, the Court would consider the motion for summary judgment as unopposed. A review of

the file reveals that the Plaintiff has failed to file a response as of the date of this Order.

The parties were also advised in the Case Management and Scheduling Order (Doc. # 7) that pursuant to Rule 56(c), Fed. R. Civ. P., as interpreted by the Eleventh Circuit Court of Appeals, the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day for filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court.  The parties were further advised that "**Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.**"

The Court has reviewed the Defendant's motion, statement of undisputed facts and memorandum of law in support of its motion.  The Court finds that the Plaintiff has indicated no opposition to the motion and is deemed to have admitted the material facts as set forth by the Defendant.  For the reasons stated in the Defendant's motion and memorandum of law, this Court finds that Defendant is entitled to summary judgment on all remaining counts of Plaintiff's complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion for Summary Judgment (Doc. # 36) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of the Defendant and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of September, 2010.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of record